# EXHIBIT 3

# SWIFTARC BEAUTY FUND, LP

## SUBSCRIPTION INSTRUCTIONS

This document must be read, executed, and returned if you wish to invest in Swiftarc Beauty Fund, LP, a Delaware limited partnership (the "***Partnership***"). You should consult with an attorney, accountant, investment advisor, or other advisor regarding an investment in the Partnership and its suitability for you.

If you decide to invest, please complete, sign, and return the documents pertinent to you, as listed under each of the headings below.

For ***individuals*** the documents to be returned are:

- the execution page of the attached Subscription Agreement;
- the Suitability Statement for individuals, which is incorporated in Section 11 of the Subscription Agreement; and
- an executed copy of the execution page of the Limited Partnership Agreement.

For ***entities*** the documents to be returned are:

- the execution page of the Subscription Agreement;
- the Suitability Statement for entities, which is in Section 11 of the Subscription Agreement;
- whichever of Schedules A (for partnerships and limited liability companies), B (for custodians, trustees and agents) or C (for corporations commonly referred to as S corporations) to the Subscription Agreement that is applicable to you; and
- an executed copy of the execution page of the Limited Partnership Agreement.

**Subscription Agreement** and **Suitability Statements**:

The Subscription Agreement is the document by which you agree to apply to become a Class I Limited Partner or Class II Limited Partner in the Partnership and to invest the amount set forth on the signature page of the Subscription Agreement. It includes a power of attorney granted to the general partner of the Partnership, Swiftarc Beauty Fund GP, LLC, a Delaware limited liability company (the "***General Partner***"), in Section 2 of the Subscription Agreement.

Capitalized terms used in this document without definition have the meanings set forth in the Limited Partnership Agreement (as defined herein), as the context requires.

The Suitability Statements, which are incorporated in Section 11 of the Subscription Agreement and therefore are part of such agreement, are important and must be completed by each investor. Please read this section carefully.

*Individuals* and *entities* should initial their answer to each of the questions in the Suitability Statement and also fill out and sign the execution page to the Subscription Agreement.

Investors that are entities must also complete one of the following Schedules to the Subscription Agreement that is applicable to them:

(1) If the investor is a partnership or limited liability company, please include the following in the documents to be returned to the Partnership: (i) copies of such entity's governing instruments, (ii) a copy of the executed resolutions of the managers/partners as specified in Schedule A, and (iii) a completed Schedule A.

(2) If the investor is a custodian, trustee, or agent, please include the following in the documents to be returned to the Partnership: (i) a copy of the trust agreement or other instrument governing the investor, and (ii) a completed Schedule B.

(3) If the investor is a corporation, please include the following in the documents to be returned to the Partnership: (i) copies of the corporation's governing instruments, (ii) a copy of the executed resolutions of the corporation's Board of Directors as specified in Schedule C, and (iii) a completed Schedule C.

**Wiring Instructions**

Investors interested in wiring funds for subscription of Interests should use the following wiring instructions:

Account Name: Swiftarc Beauty Fund, LP
Address: 801 Brickell Avenue, Office 709, Miami, FL 33131
Account Number: 1242727469
Bank Name: PNC Bank N.A.
Bank Address: 2711 NE 187th Street, Aventura, FL 33180
Routing Number: 043000096
SWIFT Code: PNCCUS33

************

Please contact the Partnership as described below if you have any questions:

Swiftarc Beauty Fund, LP
c/o Swiftarc Beauty Fund GP, LLC
801 Brickell Avenue, Office 709, Miami, FL 33131
(212) 220-6717
Sid@SwiftarcVentures.com

# SUBSCRIPTION AGREEMENT

To the Undersigned Purchaser:

Swiftarc Beauty Fund, LP, a Delaware limited partnership (the "***Partnership***"), hereby agrees with you (in the case of a subscription for the account of one or more trusts or other entities, "***you***" or "***your***" shall refer to the trustee, fiduciary or representative making the investment decision and executing this Subscription Agreement (this "***Agreement***"), or the trust or other entity, or both, as appropriate) as follows:

1. **Sale and Purchase of Limited Partnership Interest**. The Partnership has been formed under the laws of the State of Delaware and is governed by an amended and restated limited partnership agreement in substantially the form to which this document is attached (the "***Limited Partnership Agreement***"), and Certificate of Formation (a copy of which has been made available to you), as the same may be modified in accordance with the terms of any amendment thereto. The Limited Partnership Agreement and Certificate of Formation are collectively the "***Organizational Documents***." Capitalized terms used herein without definition have the meanings set forth in the Limited Partnership Agreement, as the context requires.

Subject to the terms and conditions of this Agreement and in reliance upon the representations and warranties of the respective parties contained herein:

(a) the Partnership agrees to sell to you, and you irrevocably subscribe for and agree to purchase from the Partnership, a Class I Interest or Class II Interest in the Partnership (the "***Interest***") for the purchase price equal to the amount set forth on the signature page at the end of this Agreement;

(b) upon the purchase of any Interest, you agree to be a Class I Limited Partner or Class II Limited Partner in the Partnership, as applicable ("***Limited Partner***"); and

(c) the Partnership and its General Partner, Swiftarc Beauty Fund GP, LLC, a Delaware limited liability company (the "***General Partner***"), agree that you shall be admitted as a Limited Partner, upon the terms and conditions, and in consideration of your agreement to be bound by the terms and provisions of the Limited Partnership Agreement and this Agreement, with a capital contribution in the amount equal to the amount set forth on the signature page at the end of this Agreement (your "***Capital Contribution***"); provided that a minimum Capital Contribution of $250,000 is required for Class I Limited Partners, and a minimum Capital Contribution of $50,000 is required for Class II Limited Partners, unless either such requirement is waived by the General Partner.

Subject to the terms and conditions hereof and of the Organizational Documents, your obligation to subscribe and pay for your Interest shall be complete and binding upon the execution and delivery of this Agreement.

2. **Power of Attorney**. You hereby irrevocably constitute and appoint the General Partner (and any substitute or successor General Partner of the Partnership) as your true and lawful attorney in your name, place and stead, (a) to receive and pay over to the Partnership on your behalf, to the extent set forth in this Agreement, all funds received hereunder, (b) to complete or

correct, on your behalf, all documents to be executed by you in connection with your subscription for your Interest, including, without limitation, filling in or amending amounts, dates, and other pertinent information, and (c) to execute, acknowledge, swear to and file: (i) any counterparts of the Limited Partnership Agreement to be entered into pursuant to this Agreement and any amendments to which you are a signatory; (ii) any amendments to any such amendments (as provided in the Limited Partnership Agreement); (iii) any agreements or other documents relating to the obligations of the Partnership, as limited and defined in the Limited Partnership Agreement; (iv) certificate of formation required by law and all amendments thereto; (v) all certificates and other instruments necessary to qualify, or continue the qualification of, the Partnership in the states where it may be doing business and to preserve the limited liability status of the Partnership in the jurisdictions in which the Partnership may acquire investments; (vi) any certificates or other instruments which may be required to effectuate any change in the equity ownership of the Partnership; (vii) all assignments, conveyances, or other instruments or documents necessary to effect the dissolution of the Partnership; (viii) any documents which may be required to effect the continuation of the Partnership or admission or substitution of a Limited Partner; and (ix) all other filings with agencies of the federal government, of any state or local government, or of any other jurisdiction, which the General Partner considers necessary or desirable to carry out the purposes of this Agreement, the Limited Partnership Agreement and the business of the Partnership. This power of attorney shall be deemed coupled with an interest, shall be irrevocable, and shall survive the transfer of your Interest.

3. **Other Subscriptions**. The Partnership has entered and will enter into separate but substantially similar subscription agreements (the "***Other Subscription Agreements***" and, together with this Agreement, the "***Subscription Agreements***") with other purchasers (the "***Other Purchasers***"), providing for the sale to the Other Purchasers of Class I Interests and Class II Interests in the Partnership (each, an "***Interest***", and collectively, the "***Interests***") and the admission of the Other Purchasers as Class I Limited Partners or Class II Limited Partners, as applicable. This Agreement and the Other Subscription Agreements are separate agreements, and the sales of Interests to you and the Other Purchasers are to be separate sales.

4. **Closing**. The closing (the "***Closing***") of the sale to you and your subscription for and purchase of the Interest, and your admission as a Limited Partner shall take place upon the Partnership's acceptance of this Agreement executed by you and the satisfaction of the conditions set forth in this Agreement, or on such other date and at such other time as the General Partner shall designate (the "***Closing Date***"). At the Closing, and upon satisfaction of the conditions set forth in this Agreement, the General Partner will list you as a Limited Partner on the records of the Partnership.

5. **Conditions Precedent to Your Obligations**.

5.1 ***The Conditions Precedent***. Your obligation to subscribe for your Interest and be admitted as a Limited Partner at the Closing is subject to the fulfillment (or waiver by you), prior to or at the time of the Closing, of the following conditions:

(a) Limited Partnership Agreement. The Limited Partnership Agreement shall be in full force and effect and shall have been duly authorized, executed, and delivered by the General Partner.

(b) Representations and Warranties. The representations and warranties of the Partnership contained in Section 7 of this Agreement shall be true and correct in all material respects when made and at the time of the Closing, except as affected by the consummation of the transactions contemplated by this Agreement or the Limited Partnership Agreement.

(c) Performance. The Partnership shall have duly performed and complied in all material respects with all agreements and conditions contained in this Agreement required to be performed or complied with by it prior to or at the Closing.

(d) Legal Investment. On the Closing Date, your subscription hereunder shall be permitted by the laws and regulations applicable to you.

5.2 ***Nonfulfillment of Conditions***. If at the Closing any of the conditions specified in Section 5.1 shall not have been fulfilled, you shall, at your election, be relieved of all further obligations under this Agreement and the Limited Partnership Agreement, without thereby waiving any other rights you may have by reason of such nonfulfillment. If you elect to be relieved of your obligations under this Agreement pursuant to the foregoing sentence, the Limited Partnership Agreement shall be null and void as to you and the power of attorney contained herein shall be used only to carry out and effect the actions required by this sentence, and the Partnership shall take, or cause to be taken, all steps reasonably necessary to nullify the Limited Partnership Agreement as to you.

6. **Conditions Precedent to the Partnership's Obligations**.

6.1 ***The Conditions Precedent***. The obligations of the Partnership and the General Partner to issue to you the Interest and to admit you as a Limited Partner at the Closing shall be subject to the fulfillment (or waiver by the Partnership) prior to or at the time of the Closing, of the following conditions:

(a) Limited Partnership Agreement. A counterpart of the Limited Partnership Agreement shall have been duly authorized, executed, and delivered by or on behalf of you. The Limited Partnership Agreement shall be in full force and effect.

(b) Representations and Warranties. The representations and warranties made by you in Section 8 shall be true and correct when made and at the time of the Closing.

(c) Receipt of Minimum Subscription Proceeds. The Partnership shall have received subscriptions for capital contributions of at least $1,250,000, in the aggregate, for the Interests.

(d) Performance. You shall have duly performed and complied with all agreements and conditions contained in this Agreement required to be performed or complied with by you prior to or at the time of the Closing.

6.2 ***Nonfulfillment of Conditions***. If at the Closing any of the conditions specified in Section 6.1 shall not have been fulfilled, the Partnership shall, at the General Partner's election, be relieved of all further obligations under this Agreement and the Limited Partnership Agreement, without thereby waiving any other rights it may have by reason of such nonfulfillment. If the

General Partner elects for the Partnership to be relieved of its obligations under this Agreement pursuant to the foregoing sentence, the Limited Partnership Agreement shall be null and void as to you and the power of attorney contained herein shall be used only to carry out and effect the actions required by this sentence, and the Partnership shall take, or cause to be taken, all steps reasonably necessary to nullify the Limited Partnership Agreement as to you.

7. **Representations and Warranties of the Partnership**.

7.1 ***The Representations and Warranties***. The Partnership represents and warrants that:

(a) Formation and Standing. The Partnership is duly formed and validly existing as a limited partnership under the laws of the State of Delaware and, subject to applicable law, has all requisite power and authority to carry on its business as now conducted and as proposed to be conducted. The General Partner is duly formed and validly existing under the laws of the State of Delaware and, subject to applicable law, has all requisite legal power and authority to act as General Partner of the Partnership and to carry out the terms of this Agreement and the Limited Partnership Agreement applicable to it.

(b) Authorization of Agreement, Etc. The execution and delivery of this Agreement has been authorized by all necessary action on behalf of the Partnership and this Agreement is a legal, valid, and binding obligation of the Partnership, enforceable against the Partnership in accordance with its terms. The execution and delivery by the General Partner of the Limited Partnership Agreement has been authorized by all necessary action on behalf of the General Partner and the Limited Partnership Agreement is a legal, valid, and binding agreement of the General Partner, and is enforceable against the General Partner in accordance with its terms.

(c) Compliance with Laws and Other Instruments. The execution and delivery of this Agreement and the consummation of the transactions contemplated hereby will not conflict with or result in any violation of or default under any provision of the Limited Partnership Agreement, or any agreement or other instrument to which the Partnership is a party or by which it or any of its properties is bound, or any permit, franchise, judgment, decree, statute, order, rule or regulation applicable to the Partnership or its business or properties. The execution and delivery of the Limited Partnership Agreement and the consummation of the transactions contemplated thereby will not conflict with or result in any violation of or default under any provision of the limited liability company agreement of the General Partner, or any agreement or instrument to which the General Partner is a party or by which it or any of its properties is bound, or any permit, franchise, judgment, decree, statute, order, rule or regulation applicable to the General Partner or its businesses or properties.

7.2 Survival of Representations and Warranties. All representations and warranties made by the Partnership in Section 7.1 shall survive the execution and delivery of this Agreement for a period of two (2) years.

8. **Representations and Warranties of the Purchaser**.

8.1 ***The Representations and Warranties***. You represent and warrant to the General Partner, the Partnership and each other person that is, or in the future becomes, a Limited Partner of the Partnership that each of the following statements is true and correct as of the Closing Date:

(a) Accuracy of Information. All of the information provided by you to the Partnership and the General Partner is true, correct and complete in all respects as of the date of this Agreement and at the time of Closing.

(b) Advice. You have either consulted your own investment adviser, attorney or accountant about the investment and proposed purchase of the Interest and the suitability of the Interest to you or chosen not to do so, despite the recommendation of that course of action by the General Partner. You understand the risks of, and other considerations relating to, a purchase of the Interest, including the risks set forth in that certain the Confidential Private Placement Memorandum of the Partnership, dated September 1, 2021 (as amended and/or supplemented from time to time, the "***Private Placement Memorandum***"). You have been given access to, and prior to the execution of this Agreement you were provided with an opportunity to ask questions of, and receive answers from, the General Partner or any of its managers concerning the terms and conditions of the offering of the Interest, and to obtain any other information which you and your investment representative and professional advisors requested with respect to the Partnership and your investment in the Partnership in order to evaluate your investment and verify the accuracy of all information furnished to you regarding the Partnership. All such questions, if asked, were answered satisfactorily and all information or documents provided were found to be satisfactory.

(c) Investment Representation and Warranty. You are acquiring your Interest for your own account not with a view to or for sale in connection with any distribution of any or all of such Interest. You hereby agree that you will not, directly or indirectly, assign, transfer, offer, sell, pledge, hypothecate or otherwise dispose of any or all of such Interest (or solicit any offers to buy, purchase or otherwise acquire or take a pledge of any or all of the Interest) except in accordance with the registration provisions of the Securities Act of 1933, as amended (the "***Securities Act***"), or an exemption from such registration provisions, with any applicable state or other securities laws, and with the terms of the Organizational Documents. If you are purchasing for the account of one or more trust funds, you represent that (except to the extent you have otherwise advised the Partnership in writing prior to the date hereof) you are acting as sole trustee for the assets being contributed hereunder and have sole investment discretion with respect to the acquisition of the Interest to be purchased by you pursuant to this Agreement, and the determination and decision on your behalf to purchase such Interest for such trust funds is being made by the same individual or group of individuals who customarily pass on and/or approve such investments, so that your decision as to purchases for all such funds is the result of such study and conclusion.

(d) Non-reliance. You represent that you are not relying on (and will not at any time rely on) any communication (written or oral) of the Partnership or any of its affiliates, as investment advice or as a recommendation to purchase the Interest, it being understood that information and explanations related to the terms and conditions of the Interest that are described in this Agreement and the Organizational Documents shall not be considered investment advice or

a recommendation to purchase the Interest. You acknowledge and agree that neither the Partnership nor any of its affiliates has (i) given any guarantee or representation as to the potential success, return, effect or benefit (either legal, regulatory, tax, financial, accounting or otherwise) of an investment in the Interest or (ii) made any representation to you regarding the legality of an investment in the Interest under applicable securities laws or similar laws or regulations. In deciding to purchase the Interest, you acknowledge and agree that you are not relying on any advice or recommendations of the Partnership or any of its affiliates and you have made your own independent decision that the investment in the Interest is suitable and appropriate for you.

(e) Representation of Investment Experience and Ability to Bear Risk. You (i) are knowledgeable and experienced with respect to the financial, tax, and business aspects of the ownership of the Interest and of the business contemplated by the Partnership and are capable of evaluating the risks and merits of purchasing the Interest and, in making a decision to proceed with this investment, have not relied upon any representations, warranties or agreements, other than those set forth in this Agreement and the Organizational Documents; and (ii) can bear the economic risk of an investment in the Partnership for an indefinite period of time, and can afford to suffer the complete loss thereof.

(f) Accredited Investor. You are an “accredited investor” as defined in Rule 501(a) under the Securities Act. You agree to furnish any additional information requested by the Partnership or any of its affiliates to assure compliance with applicable United States federal and state securities laws in connection with the purchase and sale of the Interest. You acknowledge that you have completed the applicable Suitability Statement, which is incorporated in Section 11 of this Agreement, and that the information contained therein is complete and accurate as of the date thereof and is hereby affirmed as of the date hereof. Any information that has been furnished or that will be furnished by you to evidence your status as an accredited investor is accurate and complete, and does not contain any misrepresentation or material omission.

(g) No Investment Company Issues. If you are an entity, (i) you were not formed or re-formed, and are not being utilized, primarily for the purpose of making an investment in the Partnership, (ii) your Capital Contribution to the Partnership is less than forty percent (40%) of your assets, (iii) you have made investments prior to the date hereof and/or intend to make investments in the future and each of your beneficial owners has shared and will share in the same proportion in each such investment (i.e., no beneficial owner may vary its interests in different transactions into which you have or may enter), (iv) your governing documents require that each beneficial owner participates in all of your investments and that profits and losses from each such investment are shared among such beneficial owners (and none of your beneficial owners may vary his, her or its share of the profits and losses or amount of his, her or its contribution in any of your investments), (v) you are not managed as a device for facilitating individual investment decisions of your beneficial owners, but rather are managed as a collective investment vehicle, and (vi) either (A) all of your outstanding securities (other than short-term paper) are beneficially owned by one person or (B) you are not an investment company under the Investment Company Act or a “private investment company” that avoids registration and regulation under the Investment Company Act based on the exclusion provided by Section 3(c)(1) or Section 3(c)(7) of the Investment Company Act. If you are unable to make the foregoing representations, you have delivered to the General Partner a representation and covenant as to certain matters under the Investment Company Act satisfactory to the General Partner. You understand that the Partnership

will not register as an investment company under the 1940 Act and that the Partnership may choose to comply with any available exemptions under the 1940 Act, and, for this reason, the General Partner, in its discretion, may offer Interests only to a limited number of investors. Neither you nor any of your equity holders shall pledge, hypothecate or otherwise transfer either its Interests (or any portion thereof) or any equity interest in you without first obtaining the written consent of the General Partner, which consent may be withheld if in the General Partner's determination such transfer could result in the Partnership failing to meet the requirements for an exemption from registration as an "investment company" set forth in the 1940 Act.

(h) Certain ERISA Matters.

(i) You agree to: (A) certify whether you are, or acting on behalf of, an employee benefit plan subject to the Employee Retirement Income Security Act of 1974 ("***ERISA***") and/or a plan within the meaning of Section 4975(e) of the Internal Revenue Code of 1986 (the "***Code***") or an entity which is deemed to hold the assets of any such plan pursuant to 29 C.F.R. § 2510.3-101, as modified by ERISA Section 3(42) (the "***Plan Asset Regulation***") or otherwise (collectively, a "***Plan***"); (B) provide, if you are acting on behalf of any Plan, a list (and regularly update such list) of the persons (and their affiliates, as defined in Prohibited Transaction Class Exemption 84-14, Part V(c)) who have the power to invest in the Fund or redeem their Interest in the Fund (the "***QPAM Part I(a) Excluded Parties***"), and (C) certify whether you are a "***Benefit Plan Investor***" (as defined in the Plan Asset Regulation) and/or a person who exercises control over the assets of the Fund or provides investment advice to the Fund for a fee, direct or indirect, or is an affiliate of any such person (each such person, a "***Controlling Person***").

(ii) During any period in which you are or are acting on behalf of Plan(s), including any Benefit Plan Investor(s) (the "***Constituent Plans***"), the fiduciaries of the Constituent Plans represent and warrant that (A) they have been informed of and understand the Fund's investment objectives, policies, limitations, fee structure and strategies and that the decision to invest the assets of the Constituent Plans was made with appropriate consideration of relevant investment factors with regard to such Plans and in accordance with the your fiduciary duties and responsibilities imposed upon fiduciaries with regard to their investment decisions under ERISA; (B) the purchase and holding of the Interest is permitted under the governing documents of the Constituent Plans; (C) the purchase, ownership, and holding of the Interest will not result in or constitute a "prohibited transaction" under Section 406 of ERISA or Section 4975 of the Code for which an exemption is not available; (D) in deciding to purchase or continue to hold the Interest, you have considered, to the extent required by law or the governing documents of each Constituent Plan, the cash needs, investment policies, portfolio composition, and appropriate liquidity and diversification of assets of each such Constituent Plan; (E) the governing documents of each of the Constituent Plans permit the payment of actual, direct, and reasonable expenses of the Fund and the Investment Manager; (F) none of the Investment Manager, the Fund or any of their Affiliates have acted as your fiduciary or as a fiduciary of any Constituent Plans with respect to the decision to purchase or hold the Interest and neither the Investment Manager, the Fund nor any of their Affiliates shall at any time be relied upon as a fiduciary by you or any Constituent Plans with respect to any decision to purchase, continue to hold, or redeem any Interest; and (g) none of the

Investment Manager, the Fund or any of their Affiliates have provided investment advice with respect to your decision to purchase or hold the Interest.

(iii) You understand that any time Benefit Plan Investors own twenty-five percent (25%) or more of the equity in the Fund, that the Fund is deemed to hold ERISA plan assets and that transactions in which the Fund may engage will be subject to ERISA's fiduciary obligations, as well as the prohibited transaction excise tax provisions of Code Section 4975. Consequently, for any periods during which the Fund will be deemed to hold ERISA plan assets, the "named fiduciary", if it is subject to ERISA, hereby appoints the Investment Manager to be an "investment manager", (as defined in Section 3(38) of ERISA), with respect to your assets, pursuant to ERISA Section 402(c)(3). If you are is subject to ERISA, you hereby represent that (A) your investment in the Fund was authorized by the named fiduciaries of the Constituent Plans; (B) the party completing the Suitability Statements in Section 11 has the authority under the explicit terms of the governing documents of each of the relevant Constituent Plans (and any necessary and proper delegation instructions thereunder) to appoint the Investment Manager as an investment manager of such Constituent Plans with respect to the plan assets of such Constituent Plans deemed to be held by the Fund; and (C) no Constituent Plan is subject to any investment prohibition or restriction that would prohibit the holding by the Fund of any security of any issuer offered in a public offering or any issuer-approved private placement.

(iv) You (A) agree to inform the Investment Manager immediately of any change in status which results in your becoming or ceasing to be a "Benefit Plan Investor", or a "Controlling Person" and (B) understand and agree that the information supplied in this Agreement and as requested thereafter will be utilized (1) to determine whether Benefit Plan Investors own less than twenty-five percent (25%) of the value of the Fund, both upon the original issuance of the Interest and upon any subsequent transfer of the Interest and (2) to determine the applicability of Prohibited Transaction Class Exemption 84-14, or any other prohibited transaction class exemption, to transactions in which the Fund may engage, so as to avoid engaging in nonexempt prohibited transactions.

(v) You acknowledge that the Fund, the Investment Manager and others will rely upon the truth and accuracy of the foregoing acknowledgments, representations and agreements and agree that, if any of the acknowledgments, representations or warranties made or deemed to have been made by it in connection with your purchase of the Interest are no longer accurate, you will promptly notify the Investment Manager.

(i) Suitability. You have evaluated the risks involved in investing in the Partnership and have determined that the Interest is a suitable investment for you. Specifically, the aggregate amount of other investments you have in, and your commitments to, all similar investments that are illiquid is reasonable in relation to your net worth, both before and after the subscription for and purchase of the Interest pursuant to this Agreement.

(j) Transfers and Transferability. You understand and acknowledge that the Interest has not been registered under the Securities Act or any state securities laws and is being offered and sold in reliance upon exemptions provided in the Securities Act and state securities

laws for transactions not involving any public offering and, therefore, cannot be resold or transferred unless the Interest is subsequently registered under the Securities Act and such applicable state securities laws or unless an exemption from such registration is available. You also understand that the Partnership does not have any obligation or intention to register the Interest for sale under the Securities Act, any state securities laws or of supplying the information which may be necessary to enable you to sell the Interest; and that you have no right to require the registration of the Interest under the Securities Act, any state securities laws or other applicable securities regulations. You also understand that sales or transfers of the Interest are further restricted by the provisions of the Limited Partnership Agreement. You represent and warrant further that you have no contract, understanding, agreement or arrangement with any person to sell or transfer or pledge to such person or anyone else of all or any portion of the Interest for which you hereby subscribe (in whole or in part); and you represent and warrant that you have no present plans to enter into any such contract, undertaking, agreement or arrangement. You understand that there is no public market for the Interest and that any disposition of the Interest may result in unfavorable tax consequences to you. You are aware and acknowledge that, because of the substantial restrictions on the transferability of the Interest, it may not be possible for you to liquidate your investment in the Partnership readily, even in the case of an emergency.

(k) Residence. You maintain your domicile at the address shown in the signature page of this Agreement and you are not merely transient or temporarily resident there.

(l) Awareness of Risks; Taxes. You represent and warrant that you are aware that: (i) the Fund has a limited operating history in its intended business; (ii) investment in the Interest involves a substantial degree of risk of loss of your entire investment and that there is no assurance of any income from or appreciation of your investment; and (iii) any federal and/or state income tax benefits which may be available to you may be lost through the adoption of new laws or regulations, changes to existing laws and regulations and changes in the interpretation of existing laws and regulations. You hereby acknowledge and accept each of the risks set forth in the Private Placement Memorandum. You further represent that you are relying solely on your own conclusions or the advice of your own counsel or investment representative with respect to tax aspects of any investment in the Partnership.

(m) Foreign Investors. If you are not a United States person (as defined by Section 7701(a)(30) of the Internal Revenue Code of 1986, as amended), you hereby represent that you have satisfied yourself as to the full observance of the laws of the United States, Delaware and your jurisdiction in connection with any invitation to subscribe for the Interest or any use of this Agreement, including (i) the legal requirements within your jurisdiction for the purchase of the Interest; (ii) any foreign exchange restrictions applicable to such purchase; (iii) any governmental or other consents that may need to be obtained; and (iv) the income tax and other tax consequences, if any, that may be relevant to the purchase, holding, conversion, redemption, sale, or transfer of the Interest. Your subscription and payment for and continued beneficial ownership of the Interest will not violate any applicable securities or other laws of the United States, Delaware or your jurisdiction. You acknowledge that the Company has taken no action in foreign jurisdictions with respect to the Interest.

(n) Capacity to Contract. If you are an individual, you represent that you are over twenty-one (21) years of age and have the capacity to execute, deliver and perform this

Agreement and the Limited Partnership Agreement. If you are not an individual, you represent and warrant that you are a corporation, partnership, limited liability company, association, joint stock company, trust or unincorporated organization, and were not formed for the specific purpose of acquiring the Interest.

(o) Power, Authority; Valid Agreement. (i) You have all requisite power and authority to execute, deliver and perform your obligations under this Agreement and the Limited Partnership Agreement and to subscribe for and purchase or otherwise acquire your Interest; (ii) your execution of this Agreement and the Limited Partnership Agreement has been authorized by all necessary corporate or other action on your behalf; and (iii) this Agreement and the Limited Partnership Agreement are each valid, binding and enforceable against you in accordance with their respective terms.

(p) No Conflict; No Violation. The execution and delivery of this Agreement and the Limited Partnership Agreement by you and the performance of your duties and obligations hereunder and thereunder (i) do not and will not result in a breach of any of the terms, conditions or provisions of, or constitute a default under (A) any charter, bylaws, trust agreement, limited liability company agreement, partnership agreement or other governing instrument applicable to you, (B) (1) any indenture, mortgage, deed of trust, credit agreement, note or other evidence of indebtedness, or any lease or other agreement or understanding, or (2) any license, permit, franchise or certificate, in either case to which you or any of your affiliates is a party or by which you or any of them is bound or to which your or any of their properties are subject; (ii) do not require any authorization or approval under or pursuant to any of the foregoing; and (iii) do not violate any statute, regulation, law, order, writ, injunction or decree to which you or any of your affiliates is subject.

(q) No Default. You are not (i) in default (nor has any event occurred which with notice, lapse of time, or both, would constitute a default) in the performance of any obligation, agreement or condition contained in (A) this Agreement or the Limited Partnership Agreement, (B) any provision of any charter, bylaws, trust agreement, partnership agreement or other governing instrument applicable to you, (C) (1) any indenture, mortgage, deed of trust, credit agreement, note or other evidence of indebtedness or any lease or other agreement or understanding, or (2) any license, permit, franchise or certificate, in either case to which you or any of your affiliates is a party or by which you or any of them is bound or to which your or any of their properties are subject, or (ii) in violation of any statute, regulation, law, order, writ, injunction, judgment or decree applicable to you or any of your affiliates.

(r) No Litigation. There is no litigation, investigation or other proceeding pending or, to your knowledge, threatened against you, your spouse, or any of your affiliates which, if adversely determined, would adversely affect your business or financial condition or your ability to perform your obligations under this Agreement or the Limited Partnership Agreement.

(s) Consents. No consent, approval or authorization of, or filing, registration or qualification with, any court or governmental authority on your part is required for the execution and delivery of this Agreement or the Limited Partnership Agreement by you or the performance of your obligations and duties hereunder or thereunder.

8.2 ***Survival of Representations and Warranties***. All representations and warranties made by you in Section 8.1 of this Agreement shall survive the execution and delivery of this Agreement for a period of two (2) years.

8.3 ***Reliance***. You acknowledge that your representations, warranties, acknowledgments and agreements in this Agreement will be relied upon by the Partnership in determining your suitability as a purchaser of the Interest.

8.4 ***Further Assurances***. You agree to provide to the Partnership or the General Partner any additional information that may be requested by either party in order to determine your eligibility to purchase the Interest.

8.5 ***Indemnification***. YOU HEREBY AGREE TO INDEMNIFY THE PARTNERSHIP, THE GENERAL PARTNER AND ANY OF THEIR RESPECTIVE AFFILIATES, MANAGERS, MEMBERS, EMPLOYEES, AGENTS, ACCOUNTANTS AND ATTORNEYS (THE "***INDEMNIFIED PERSONS***"), AND TO HOLD EACH OF THEM HARMLESS FROM AND AGAINST ANY LOSS, DAMAGE, LIABILITY, COST OR EXPENSE, INCLUDING REASONABLE ATTORNEYS' FEES (COLLECTIVELY, A "***LOSSES***") DUE TO OR ARISING OUT OF A BREACH OF A REPRESENTATION, WARRANTY OR AGREEMENT BY YOU, WHETHER CONTAINED IN THIS AGREEMENT (INCLUDING THE SUITABILITY STATEMENTS) OR ANY OTHER DOCUMENT OR CORRESPONDENCE PROVIDED BY YOU TO THE PARTNERSHIP IN CONNECTION WITH YOUR INVESTMENT IN PARTNERSHIP AND PURCHASE OF THE INTEREST. YOU HEREBY FURTHER AGREE TO INDEMNIFY THE INDEMNIFIED PERSONS AND TO HOLD EACH OF THEM HARMLESS AGAINST ALL LOSSES ARISING OUT OF THE SALE, TRANSFER OR DISTRIBUTION OF THE INTEREST BY YOU IN VIOLATION OF THE SECURITIES ACT OR OTHER APPLICABLE LAW.

9. **Certain Agreements and Acknowledgments of the Purchaser**. You understand, agree and acknowledge that:

9.1 ***Acceptance***. Your subscription for the Interest contained in this Agreement may be accepted or rejected, in whole or in part, by the General Partner in its sole and absolute discretion. No subscription shall be accepted or deemed to be accepted until you have been admitted as a Limited Partner in the Partnership on the Closing Date; such admission shall be deemed an acceptance of this Agreement by the Partnership and the General Partner for all purposes.

9.2 ***Irrevocability***. Except as provided in Section 5.2 or under the Securities Act or other applicable law, this subscription is and shall be irrevocable, except that you shall have no obligations hereunder if this subscription is rejected for any reason, or if this offering of Interests is cancelled for any reason.

9.3 ***No Recommendation***. No federal or state authority has made a finding or determination as to the fairness of this investment in the Partnership and no federal or state authority has recommended or endorsed or will recommend or endorse this offering of Interests.

9.4 ***No Disposal***. You will not, directly or indirectly, assign, transfer, offer, sell, pledge, hypothecate or otherwise dispose of all or any part of your Interest (or solicit any offers to

buy, purchase or otherwise acquire or take a pledge of all or any part of the Interest) except in accordance with the registration provisions of the Securities Act or an exemption from such registration provisions, with any applicable state or other securities laws and with the terms of the Limited Partnership Agreement.

9.5 ***Update Information***. If there should be any change in the information provided by you to the Partnership or the General Partner (whether pursuant to this Agreement or otherwise) prior to your purchase of any Interest, you will immediately furnish such revised or corrected information to the Partnership.

10. **General Contractual Matters**.

10.1 ***Amendments and Waivers***. This Agreement may be amended and the observance of any provision hereof may be waived (either generally or in a particular instance and either retroactively or prospectively) only with the written consent of you and the Partnership.

10.2 ***Assignment***. You agree that neither this Agreement nor any rights which may accrue to you hereunder may be transferred or assigned.

10.3 ***Notices***. All notices, requests, demands and other communications hereunder shall be in writing and shall be deemed to have been duly given to any party when delivered by hand, when delivered by telecopier or electronic mail, or when mailed, first class postage prepaid, (a) if to you, to you at the address or facsimile number or electronic mail address set forth below your signature, or to such other address or facsimile number or electronic mail address as you shall have furnished to the Partnership in writing, and (b) if to the Partnership, to:

Swiftarc Beauty Fund, LP
c/o Swiftarc Beauty Fund GP, LLC
Attention: Sid Jawahar
801 Brickell Avenue, Office 709
Miami, FL 33131
Email: sid@swiftarcventures.com

with a copy to:

Dubois, Bryant & Campbell, LLP
Attention: William T. Teten
303 Colorado Street, Suite 2300
Austin, Texas 78701
Email: wteten@dbcllp.com

or to such other address or addresses, or facsimile number or numbers, or electronic mail address or addresses, as the Partnership shall have furnished to you in writing, provided that any notice to the Partnership shall be effective only if and when received by the General Partner.

10.4 ***Governing Law***. This Agreement shall be governed, construed, and enforced in accordance with the laws of the State of Delaware without regard to principles of conflict of laws.

10.5 ***Descriptive Headings***. The descriptive headings in this Agreement are for convenience of reference only and shall not be deemed to alter or affect the meaning or interpretation of any provision of this Agreement.

10.6 ***Entire Agreement***. This Agreement contains the entire agreement of the parties hereto with respect to the subject matter of this Agreement, and there are no representations, covenants or other agreements except as stated or referred to herein.

10.7 ***Counterparts***. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which taken together shall constitute one and the same instrument.

10.8 ***Joint and Several Obligations***. If you consist of more than one person, this Agreement shall consist of the joint and several obligation of all such persons.

11. **Suitability Statements**. The truth, correctness and completeness of the following information supplied by you is warranted pursuant to Section 8.1(a) above (see following pages):

If you are in agreement with the foregoing, please sign the enclosed counterparts of this Agreement and return such counterparts of this Agreement to the General Partner.

SWIFTARC BEAUTY FUND, LP

By: Swiftarc Beauty Fund GP, LLC, its General Partner

By:____________________________________
Name: Sid Jawahar
Title: Manager