IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KATHRYN A. RICHARDSON, TRUSTEE FOR THE KATHRYN A. BILSKI REVOCABLE TRUST, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SIDDHARTH JAWAHAR, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 25-1135-CFC-SRF<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this **17th** day of **February, 2026**, the court having considered *pro se* defendant Siddharth Jawahar's ("Jawahar") motion to stay, (D.I. 106), and the briefing associated therewith (D.I. 111),[1] IT IS HEREBY ORDERED that Jawahar's motion to stay is DENIED without prejudice for the following reasons.

1. **Background.** Plaintiffs[2] brought this action for securities fraud in the Northern District of Ohio on June 7, 2024 against Jawahar and other participants in an alleged investment fraud scheme.[3] (D.I. 1) Plaintiffs contend that they are victims of the scheme and seek relief in

---

[1] Per the District of Delaware Local Rules, Jawahar's reply brief was due on or before February 3, 2026. To date, no reply brief has been filed. Accordingly, the court issues this ruling based on the papers submitted.

[2] Plaintiffs are Kathryn A. Richardson, Trustee for the Kathryn A. Bilski Revocable Trust; Kathryn A. Richardson, Trustee for the Carol A. Richardson Trust; Joanne Holiday, individually and as Trustee for the Janne Marie Holiday Revocable Trust Dated April 11, 2016; Elie Merheb; Elie Merheb, Trustee for the Elie N. Merheb Revocable Trust; YTH 003, LLC; Amber Tully; John Owen Tully; Brett McCoy; Sundar Manickam; Soundharia Manickam; Marc Mazur Consultants, Inc.; Cara Zale, LLC; Terri Crocker, Trustee for the Joseph K. Croker 2018 Irrevocable Trust; Samir Haikal; Junto Green, LLC; Team Harris 14, LLC; Gary Harris, Trustee for the Nine Fourteen Living Trust; Ross Travis; Dino Palimeri; Jeff Stanley; and Denise Stanley (collectively, "Plaintiffs"). (D.I. 84 at ¶¶ 8-27)

[3] The other defendants in this action are Fabian Urquijo; Frank Krasovec; Zohar Ziv; Swiftarc Ventures, LLC; Swiftarc Telehealth Labs Fund LP; Swiftarc Telehealth Labs Fund GP, LLC;

the form of compensatory, consequential, punitive, and statutory damages; disgorgement of profits and proceeds; and an order freezing Defendnats' assets and preventing their spoliation of evidence, among other things. (D.I. 84 at 68) The case was transferred to this district on September 11, 2025. (D.I. 62) Plaintiffs filed their first amended complaint ("FAC") on November 14, 2025, alleging that Jawahar and his co-defendants encouraged Plaintiffs to invest in the Swiftarc Entities[4] to fulfill their Ponzi scheme. (D.I. 84 at ¶ 1)

2.  Jawahar has been subject to criminal proceedings in the Eastern District of Missouri for the duration of this civil action. He was criminally indicted on December 20, 2023, and he recently entered a guilty plea to three counts of wire fraud on January 21, 2026, less than two weeks after he filed the pending motion to stay in the instant action. (D.I. 106; D.I. 111, Ex. A)

3.  **Legal Standard.** The district court has broad discretion in considering a motion to stay. *See Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). In deciding whether to stay a civil case pending the resolution of a criminal matter, courts generally consider: "(1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interest in expeditious civil proceedings weighed against the prejudice to the plaintiff

---

Swiftarc Ventures Lab Fund LP; Swiftarc Ventures Lab GP, LLC; Beauty Generations Fund I, LP f/k/a Swiftarc Beauty Fund LP; Swiftarc Beauty Fund GP, LLC; SJ Investment, LLC; SV SPV, LP; and SV Labs SPV II, LP (collectively, "Defendants"). (D.I. 84 at ¶¶ 29-42)

[4] The Swiftarc Entities are comprised of Swiftarc Ventures, LLC; Swiftarc Telehealth Labs Fund LP; Swiftarc Telehealth Labs Fund GP, LLC; Swiftarc Ventures Lab Fund LP; Swiftarc Ventures Lab GP, LLC; Beauty Generations Fund I, LP f/k/a Swiftarc Beauty Fund LP; Swiftarc Beauty Fund GP, LLC; SJ Investment, LLC; SV SPV, LP; and SV Labs SPV II, LP. (D.I. 84 at ¶ 43) The Swiftarc Entities operated as investment funds that solicited funds from investors, offered limited partnership interests to those investors, and invested that capital with third party companies. (*Id.* at ¶¶ 59, 80-88)

caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest." *Maloney v. Gordon*, 328 F. Supp. 2d 508, 511 (D. Del. 2004).

4.  **Analysis.** Jawahar requests a twelve-month stay of this action, arguing that he would be prejudiced in asserting his Fifth Amendment rights in his criminal proceeding if the civil action proceeds. (D.I. 106) Jawahar's motion does not address the remaining stay factors. (*Id.*) As Plaintiffs note, Jawahar's subsequent agreement to a guilty plea moots the asserted basis for the requested stay. (D.I. 111 at 8) Consequently, Jawahar's motion to stay is DENIED as moot.

5.  **Conclusion.** For the foregoing reasons, Jawahar's motion to stay is DENIED without prejudice. (D.I. 106)

6.  This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

7.  The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge