IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KATHRYN A. RICHARDSON, TRUSTEE for the KATHRYN A. BILSKI REVOCABLE TRUST, *et al.*, | ) | |
| Plaintiffs, | ) | C.A. No. 25-1135-CFC-SRF |
| v. | ) | |
| SIDDHARTH JAWAHAR, *et al.*, | ) | |
| Defendants. | ) | |

**ORDER**

Pending before me are two sets of objections to the Report and Recommendation issued by the Magistrate Judge on August 7, 2026 (D.I.122). The first set was filed by Plaintiffs. D.I. 125. The second set was filed by Defendant Fabian Urquijo. D.I. 124.

The Magistrate Judge recommended in the Report and Recommendation that:

1. I grant in part and deny in part Defendants Frank Krasovec and Zohar Ziv's motion to dismiss the First Amended Complaint (D.I. 88). More specifically, the Magistrate Judge recommended that I grant that motion insofar as it seeks dismissal of Counts I, II, III, IV, and V against Krasovec and Ziv and otherwise deny that motion.

2. I grant the motion to dismiss the First Amended Complaint filed by Defendant Beauty Generations Fund I, LP f/k/a Swiftarc (the Beauty Fund) (D.I. 90) More specifically, the Magistrate Judge recommended that I dismiss Counts I, III, IV, V, and IX against the Beauty Fund.
3. I grant in part and deny in part Defendant Fabian Urquijo's motion to dismiss the First Amended Complaint (D.I. 92). More specifically, the Magistrate Judge recommended that I grant that motion insofar as it seeks the dismissal of Counts I, II, III, IV, and V against Urquijo and otherwise deny that motion.
4. I dismiss without prejudice Defendants SJ Investment, SV SPV, Swiftarc Ventures, Telehealth Fund, Labs Fund, Labs SPV, Telehealth GP LLC, Labs GP LLC, and Beauty GP LLC under Federal Rules of Civil Procedure 4 and 12(b)(5).

D.I. 122 at 26.

I start with Plaintiffs' objections. Plaintiffs object first to the Magistrate Judge's recommendation that I grant the Beauty Fund's motion to dismiss insofar as the motion seeks dismissal of Counts I, III, IV, and V. D.I. 125 at 1. The Beauty Fund did not oppose this objection. Because the objections are unopposed, I will sustain them and deny the Beauty Fund's motion to dismiss

(D.I. 90) insofar as the motion sought dismissal of Counts I, III, IV, and V against the Beauty Fund.

Plaintiffs next argue that "[a]s to Defendants Krasovec, Ziv, and Urquijo, [I] should modify the Magistrate Judge's recommendation as to Count I so that if dismissed against these Defendants, it is dismissed without prejudice." D.I. 125 at 1. As I read the Report and Recommendation, however, the Magistrate Judge did not recommend that I dismiss Count I against these defendants with prejudice. Thus, there is no need to modify the Magistrate Judge's recommendation. Plaintiffs can seek leave to amend Count I. Since Plaintiffs do not object to the dismissal of Counts II, III, IV and V with prejudice, I will dismiss those claims with prejudice. For the benefit of the parties going forward, I note that I agree with the Magistrate Judge's analysis of Count I, and I do not see how revising Count I with the putative "additional facts" identified by Plaintiffs in their objections would address the deficiencies in Count I that led the Magistrate Judge to recommend that I dismiss Count I. And to be clear, in the event that Plaintiffs seek to amend Count I and fail to address in their proposed amendment the deficiencies that led the Magistrate Judge to recommend that I dismiss Count I, I will entertain a motion for appropriate sanctions and costs.

I turn next to Urquijo's objections. Urquijo did not certify that his

objections do not raise new legal or factual arguments or describe good cause for raising new legal or factual arguments. Accordingly, the objections do not comply with the Court's March 7, 2022 Standing Order for Objections Filed under Fed. R. Civ. P. 72. *See* https://www.ded.uscourts.gov/sites/ded/files/general-orders/Standing%20Order-20objections%20to%20MJ%20decisions%202022.pdf; *see also* D.I. 122 at 28 (directing parties to the March 7, 2022 Standing Order). Urquijo's objections fail for that reason.

NOW THEREFORE, at Wilmington on this Eighteenth Day of September in 2026, it is HEREBY ORDERED that:

1. Plaintiffs' objections to the August 7, 2026 the Report and Recommendation (D.I.122) are SUSTAINED IN PART and OVERRULED IN PART. The objections are SUSTAINED AS UNOPPOSED with respect to the Magistrate Judge's recommendation that I dismiss Counts I, III, IV, and V against the Beauty Fund. The objections are otherwise OVERRULED.
2. Defendant Urquijo's objections to the August 7, 2026 Report and Recommendation (D.I.124) are OVERRULED.
3. The Magistrate Judge's Report and Recommendation (D.I. 122) is ADOPTED.

5. Defendants Krasovec and Ziv's motion to dismiss the First Amended Complaint (D.I. 88) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as it seeks the dismissal of Counts I, II, III, IV, and V against Krasovec and Ziv. The motion is otherwise DENIED. Counts II, III, IV, and V against Krasovec and Ziv are DISMISSED WITH PREJUDICE. Count I against Krasovec and Ziv is DISMISSED WITHOUT PREJUDICE. Should Plaintiffs seek leave to amend Count I against Krasovec and Ziv, they must do so no later than October 2, 2026.

4. The Beauty Fund's motion to dismiss (D.I. 90) is DENIED IN PART and GRANTED IN PART. It is DENIED with respect to Counts I, III, IV, and V. It is GRANTED with respect to Count IX. Count IX is DISMISSED WITH PREJUDICE against the Beauty Fund.

5. Defendant Urquijo's motion to dismiss the First Amended Complaint (D.I. 92) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to Counts I, II, III, IV, and V against Urquijo and is otherwise DENIED. Counts I, II, III, IV, and V are DISMISSED WITH PREJUDICE against Urquijo.

6. Defendants SJ Investment; SV SPV; Swiftarc Ventures; Telehealth Fund; Labs Fund; Labs SPV; Telehealth GP LLC; Labs GP LLC; and Beauty GP LLC are DISMISSED WITHOUT PREJUDICE.

CHIEF JUDGE